## David Stone, use of Penn, *v.* Brooks.

In order to preclude a party from suing on a note as plaintiff, on the ground that he is bound for its payment, it must be a clear legal liability.

The defence that a party suing as plaintiff on a note is liable as a payor, is matter in bar, and not in abatement.

IN ERROR from the circuit court of the county of Pontotoc.

This action was founded on a promissory note made by defendants, Brooks, L. B. Strange, S. M. Mitchell, Edward Bird, George Stone and Silas N. Brooks, payable to David Stone, Brooks alone being sued, who pleaded in abatement in substance as follows, to wit: that David Stone had no interest in the case, and that Penn was jointly liable for the payment of said sum of money; that the makers of said note were partners, and it was given for a partnership debt; that after the making of said note, Penn, the plaintiff, purchased out the interest of Strange in the co-partnership concern, and, by his contract of purchase, assumed the same place and responsibility of said Strange in the payment of the debts, the note sued on being one.

To this plea the plaintiff demurred, which was overruled by the court, and judgment final rendered; and this is complained of as error. The question then is, was this a good plea? ..

Gholson for plaintiff in error.

The point chiefly to be considered in this case, is as to the sufficiency of the plea in abatement. Upon an examination of that plea, it is submitted that it will be found insufficient in two particulars as to substance. 1. That the defence attempted to be set up cannot be made a good defence at law. It is not denied, that if, on the face of the instrument sued on, the party plaintiff appears also to be a party defendant, that it would be a good bar to the action. The remedy on the instrument, if any, would be

32*

David Stone, use of Penn, *v.* Brooks.

found in a court of equity.  But in this case the suit is brought in
the name of the party to whom it is payable, and neither he nor
the party for whose use the suit is brought appear on the note as
obligors.

It is further contended—2. that the plea in this case, if good at
all, was only good as a plea in bar; that the matter stated in the
plea, if available, could only be plead in bar, and not in abatement.
Upon this point, it would seem, there could be no doubt.  Both
the reason and the authorities are conclusive.  See Moffat *v.* Van
Mullingen, 18 Eng. Com. Law Rep. 410; Fitzgerald *v.* Boehm, 17
Eng. Com. Law Rep. 46; 1 Story's Eq. Jur. 630.

In the present case, it is sought to abate the suit on the ground,
if any, that the plaintiff is responsible as defendant.  It comes,
then, within the reason of the remarks made in 1 Story's Eq. Jur.
630: "No person can maintain a suit against himself, or against
himself and others.  The objection is a complete *bar* to the ac-
tion."  How, then, can the matter be pleaded in abatement?

A plea in abatement shows that the party plaintiff cannot main-
tain his action in its then shape, or against the parties as they then
stand.  It supposes that in some other shape, or with some other
parties, the cause of action would be available.  But the defence
set up in the present plea, if good, shows that the plaintiff could
sustain no action at law whatever.  It is certainly not for a court
of law to consider, in the arrangement of its pleading, what rem-
edy he might have in equity.

It is also contended that the plea in abatement in this case is
defective in form.  It concludes with a prayer that the declaration
may be quashed.  Such prayer is irregular.  See case above cited,
18 Eng. C. L. Rep. 410, and note a.  And so the point has been
expressly decided by this court.  West Feliciana Railroad Com-
pany *v.* Johnson *et al.* 5 How. 277.  The objection in this case,
as in that, is as to the ability of the plaintiff to sue.  The cases
cannot be distinguished.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The court probably acted on the principle that one who is liable
for a debt, or jointly liable with others, cannot be a plaintiff to re-
cover that debt.  If so, we conceive it to have been an erroneous

David Stone, use of Penn, *v.* Brooks.

application of the rule. This rule is one which is applicable to legal remedies merely, and in order to make it available there must be a legal liability. The debt was created by certain individuals composing a firm. By a subsequent contract, the plaintiff purchased the interest and assumed the responsibility of one of the partners. This contract was between the two individuals, the creditors or other members of the firm having nothing to do with it. By such a contract, Penn did not become legally liable to the creditors; because he had not contracted with them. If they had a remedy against him at all, it was not at law. He could not have been sued on any of the debts of the firm, nor had the co-partners any remedy against him at law for his proportion of the debts. His liability arose entirely on his agreement with Strange, who was still liable to the creditors, having a recourse on Penn for any debts that he (Strange) might be compelled to pay. It was but a contract of indemnity in favor of Strange. The plea asserts as a fact that Penn is jointly liable for this debt, and then shows it to be untrue, by stating how he became liable, to wit: by the purchase of the interest of Strange; so that, admitting all the plea to be true, it does not justify the judgment. It may be true that Penn has made himself liable to pay a portion of this debt, but surely it is not a joint *legal* liability. In the case of Stevens and Pettitt *v.* West and Hamilton, 1 How. 308, it was held that West, who was jointly liable as maker, could not, as assignee, maintain an action on the note; because, being jointly liable on the note, when he acquired it by assignment, it operated as a payment of the note. But this case turned on the ground of West's legal liability. In the case before us, Penn was not a joint maker of the note, nor was he a member of the firm when it was made. His liability did not arise on the note in any shape, and there can therefore be no ground for abating the action. But if he were legally liable on the note, as was West in the case cited, it would be matter in bar, and not in abatement.

For these reasons, the judgment must be reversed and the cause remanded.